## Case No. 1,706.

### In re BOUTON.

[5 Sawy. 427.][1]

District Court, D. California. March 7, 1879.

BANKRUPTCY—PETITION — QUORUM OF CREDITORS —SOLICITATION BY DEBTOR TO JOIN IN PETITION.

1. In computing the aggregate of provable debts and also the amount of debts represented by the petitioning creditors, secured debts must be eliminated from the calculation. Debts partially secured must be reduced by the amount of the security, and all offsets due the debtor deducted. Debts barred by the statute at the time of the commencement of the proceedings are not to be included in the computation.

2. Lawful solicitation by a debtor to induce his creditors to sign a petition against him in involuntary bankruptcy is permissible.

[See In re Saunders, Case No. 12,371; In re Israel, Id. 7,111; also, In re Jewett, Id. 7,305; In re Hazens, Id. 6,285.]

[In bankruptcy. Objections by intervening creditors to petition to adjudicate E. Bouton an involuntary bankrupt. Overruled.]

E. H. Risford, for bankrupt.

O. P. Evans, for intervening creditors.

HOFFMAN, District Judge. Certain creditors of the above-named alleged bankrupt having filed a petition praying his adjudication as an involuntary bankrupt, other creditors intervened, alleging that the creditors who had joined in the petition did not constitute the necessary statutory quorum. The alleged bankrupt thereupon filed a list of his creditors, and an additional or supplemental petition was filed by other creditors, who desired to join in the proceedings. The matter was thereupon referred to the regis-

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

ter to take proofs as to the number of creditors who had signed, and the proportionate amount of provable debts represented by them. He has reported the testimony taken by him, which is very voluminous.

In computing the aggregate of provable debts, and also the amount of debts represented by the petitioning creditors, secured debts must be eliminated from the calculation. Debts partially secured must also be reduced by the amount of the security, and all offsets justly due to the debtor should in like manner be deducted. In re California Pac. R. Co. [Case No. 2,315]. Debts barred by the statute of limitations must also be omitted from the calculation. But this observation applies only to debts outlawed at the time of the commencement of the proceedings in bankruptcy.

If the calculation be made on these principles, it will be found that the debts represented by the petitioning creditors very considerably exceed the proportion of the total indebtedness required by the statute. This result will not be affected by the rejection of the debts which are open to controversy or suspicion. The validity of the debts of this latter class it will be the duty of the assignee to rigorously investigate.

The objection that the court has no jurisdiction, by reason of the repeal of the statute, is wholly untenable. Jurisdiction was acquired by the filing of the original petition, and the right to continue and complete the proceedings is expressly reserved by the repealing act. Some evidence tending to show what is called "collusion," has been adduced. It may be conceded that the proceedings were taken with the knowledge and consent of the debtor, and in the case of some of the petitioning creditors, at his instigation, or that of his attorney. But it has been held that lawful solicitation by a debtor to induce his creditors to sign a petition against him in involuntary bankruptcy is permissible. It is enough if they are really creditors, and no advantage over the rest of the creditors is offered or sought to be gained by them. In re Duncan [Case No. 4,131].

The only difference between an involuntary and voluntary proceeding is, that in the former case the debtor is not obliged to procure the assent of one fourth in number and one third in value of his creditors to his discharge. That assent is presumed to have been given by their joining in the petition. But in a voluntary case, the bankrupt may obtain by lawful solicitation the requisite assent; and as observed by the learned judge in the case last cited, there is no reason why he may not resort to the same means to procure them to unite in the petition against him, and thus secure the same result.

I am of opinion that on the issue tendered by the intervening creditors, viz., as to whether the requisite quorum of creditors have joined in the petition, the proofs are in favor of the affirmative. A decree of adjudication will, therefore, be entered. In the computation of the quorum of petitioning creditors, I have excluded Mrs. Bouton and her debt. It has repeatedly been held that a preferred creditor has no standing in a court of bankruptcy to proceed for adjudication against the debtor for the very act to which the creditor has been a party. 2 Lowell, 438 [In re Currier, Case No. 3,492]. I have included in the computation the debts due Dike Bros. and the Flint & Sand Co., as the objections to their allowances seem to me untenable.